## UNITED STATES BANKRUPTCY COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**JOSEPH J. PATTS,**                                    Chapter 7
                                                        Case No. 11-15772-JNF

        Debtor
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**DONALD LASSMAN,**
**CHAPTER 7 TRUSTEE**,
        Plaintiff
v.                                                      Adv. P. No. 11-1315

**HELEN PATTS and**
**JOSEPH J. PATTS,**
        Defendants
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

### I. INTRODUCTION

The matter before the Court is the Defendant's Motion for Summary Judgment filed on December 12, 2011 by Helen Patts ("Patts"), the nondebtor spouse of the debtor, Joseph J. Patts (the "Debtor"), and the Opposition thereto filed by the plaintiff, Donald Lassman, the Chapter 7 trustee of the Debtor (the "Trustee") in connection with an avoidance and recovery action originally commenced by the Trustee solely against Patts. The Court heard the Motion for Summary Judgment and the Opposition on February 22, 2012, requested that the parties file supplementary briefs and took the matter under advisement. The parties thereafter filed their memoranda.

As an initial procedural matter, the Court notes that Patts's Motion for Summary

1

Judgment, which she supported with an affidavit, refers only to the original complaint filed

by the Trustee.   Patts, however, filed the Motion after the Trustee filed an amended

complaint.   The Trustee's original complaint, filed on November 2, 2011, contained four

counts against Patts as the sole defendant, through which the Trustee sought avoidance of

a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and Mass. Gen. Laws ch. 109A and a

recovery of the property transferred, or its value, pursuant to 11 U.S.C. § 550.  Specifically,

through the original complaint, the Trustee sought avoidance of a January, 2009 transfer

of the couple's residence by the Debtor and Patts, as tenants by the entirety, to Patts,

individually.  On December 1, 2011, the Trustee filed a motion to amend the complaint for

the purposes of adding the Debtor as a defendant and adding a count to the complaint

(Count V) against the Debtor and Patts under 11 U.S.C. § 550 seeking to obtain recovery

with respect to a second transfer of the property, namely Patts's retransfer of the residence

from herself to herself and the Debtor, as tenants by the entirety, which she effected shortly

before the Debtor's bankruptcy filing.  The Court allowed the Trustee's motion to amend

the complaint on December 16, 2011, four days after Patts moved for summary judgment.

Because the Trustee filed the amended complaint before Patts filed her Motion for

Summary Judgment and because the Trustee addressed all five counts of the amended

complaint at the hearing, the Court shall treat the Motion for Summary Judgment as a

motion by Patts for summary judgment with respect to all counts in the amended

complaint.

The Court finds that, despite the assertions of the Trustee to the contrary which are

2

discussed below, the material facts necessary to resolve the Motion for Summary Judgment are not in dispute, and the matter is ripe for summary judgment. *See* Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. The Court now makes its findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. For the reasons stated below, the Court grants summary judgment in favor of Patts.

## II. FACTS

In support of her Motion for Summary Judgment, Patts filed an affidavit in which she attested to the following facts concerning the transfers of the couple's residence. The Debtor and Patts, who are both in their 80s, are husband and wife.  Sometime in 1960, they acquired their residence at 47 Big Rock Lane, Hanson, Massachusetts (the "Property"). Except for a brief period between November 2000 and March 2002, the couple owned the Property as tenants by the entirety until January 9, 2009.

On May 19, 2008, Patts filed an Elderly Declaration of Homestead with respect to the Property.  From September 11, 2008 through November 1, 2009, the Debtor was a patient at New England Sinai Hospital and Rehabilitation Center and then at South Shore Rehabilitation and Skilled Nursing Care, recovering from multiple illnesses, medical conditions and related surgeries, including colon cancer. During the Debtor's rehabilitation, the couple consulted a law firm specializing in elder care, to seek advice for Medicaid eligibility. Based on the advice of counsel, as part of their Medicaid planning, on January 9, 2009, the Debtor and Patts conveyed the Property to Patts individually (the "Transfer Deed").  With mounting debts caused primarily by the Debtor's medical condition, in June

3

2011, the Debtor sought advice from a bankruptcy attorney. That attorney advised the Debtor and Patts that, notwithstanding the advice of prior counsel, they should retransfer the Property from Patts back to the Debtor and Patts as tenants by the entirety. They effected that transfer by deed dated June 14, 2011[1] (the "Retransfer Deed"). The Debtor also filed on that date a Declaration of Homestead with respect to the Property. The Property has a current value of approximately $250,000 and is currently subject to a mortgage in the approximate amount of $127,000.

In addition to the facts set forth in Patts's affidavit, the Court takes judicial notice of the Debtor's schedules and the history of proceedings in this case.[2] Two days after the recording of the Retransfer Deed, on June 16, 2011, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On the Debtor's Schedule A - Real Property, he listed his 50% interest in the Property by virtue of his tenancy by the entirety interest with Patts, which he valued at $62,000. He also disclosed that the fair market value of the Property was $250,000 and that it is subject to a mortgage in favor of Bank of America Home Loans "in the approximate amount of $127,426.08 in the name of Helen J. Patts." On Schedule C - Property Claimed as Exempt, the Debtor claimed a homestead

---

[1] The Retransfer Deed, a copy of which is attached as Exhibit 7 to the Affidavit of Elizabeth P. Barletta, submitted by the Trustee in support of his Opposition, reflects that Patts executed that deed on May 27, 2011 and that it was recorded on June 14, 2011.

[2] The Court may take judicial notice of the Debtor's Schedules of Assets and Liabilities. *See* LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999), *cert. denied,* 530 U.S. 1230 (2000); In re Hyde, 334 B.R. 506, 508 n.2 (Bankr. D. Mass. 2005).

exemption in the Property pursuant to the Massachusetts homestead statute, Mass. Gen.

Laws ch. 188, § 1.[3] On the Debtor's Schedule D - Creditors Holding Secured Claims, he

checked the box indicating he had no creditors holding secured claims.

On July 27, 2011, the Trustee convened the meeting of creditors pursuant to 11

U.S.C. § 341.  The deadline to object to the Debtor's claim of exemptions was August 26,

2011 and the deadline for filing complaints under 11 U.S.C. §§ 523(a) and 727(a) was

originally set for September 26, 2011.   *See* Fed. R. Bankr. P. 4003(b), 4004(a) and 4007(c).

Neither the Trustee nor any other party objected to the Debtor's claim of exemptions.  The

Trustee filed three timely motions requesting extensions of time to object to the Debtor's

discharge, all of which the Court granted. The current deadline for the Trustee to object to

the Debtor's discharge is May 27, 2012.

The Trustee asserts that the Motion for Summary Judgment and the Patts affidavit

omit certain material facts which, he contends, raise genuine issues to be tried concerning

Patts's intent when executing the Transfer and Retransfer Deeds. In support of his

Opposition to the Motion for Summary Judgment, he attached the affidavit of Elizabeth P.

Barletta ("Barletta"), who performed a title examination of the Property, as well as copies

of several deeds through which Patts and/or the Debtor conveyed their interest in the

Property to various family members over the years.

According to the Barletta affidavit, prior to executing the Transfer Deed and the

---

[3] Under that statute, ". . . A homestead declaration shall benefit each owner
making the declaration and that owner's family members who occupy or intend to
occupy the home as their principal residence. . . . ."  Mass. Gen. Laws ch. 188, § 3(a).

Retransfer Deed, the Debtor and Patts conveyed, mortgaged and refinanced the Property several times. On March 18, 1982, they deeded the Property to Kathleen Patts and Everett J. Bowie, Jr., for no or nominal consideration, and on January 8, 1987 the Bowies deeded the Property back to the Debtor and Patts, as tenants by the entirety, for nominal consideration. On August 8, 2000, the Debtor and Patts deeded the Property to Timothy J. Patts and Kathleen Bowie for nominal consideration. On March 15, 2002, Timothy J. Patts and Kathleen Bowie deeded the Property back to the Debtor and Patts as tenants by the entirety for nominal consideration. Thereafter, the Debtor and Patts executed the Transfer Deed to Patts on January 9, 2009,[4] and Patts subsequently executed the Retransfer Deed back to the couple as tenants by the entirety on May 27, 2011. According to Barletta, the Debtor and Patts also executed a series of mortgages on the Property between 1987 and 2005, the last one in favor of MERS, as nominee for Arrow Mortgage Corp., securing a debt in the amount of $140,000 which appears to be the only mortgage currently encumbering the property.[5]

## III. THE COMPLAINT

Based upon the couple's conveyance of the Property to Patts and her subsequent

---

[4] The Transfer Deed contains an acknowledgment in which the notary attested that the Debtor acknowledged to him that he signed the deed voluntarily.

[5] According to the Barletta affidavit, the Arrow mortgage was granted by both the Debtor and Patts. Notwithstanding this assertion, the Debtor's Schedules A and D indicate that there is one mortgage on the Property "in the name of Helen J. Patts" and that the Debtor has no creditors holding secured claims. Additionally, the claims register in this case reflects that no creditor has asserted a secured claim against the Debtor.

reconveyance, the Trustee filed the amended complaint against the Debtor and Patts on December 1, 2011.   The amended complaint contains five counts.   The first three counts contain allegations that the January 9, 2009 Transfer Deed constitutes a fraudulent transfer avoidable pursuant to 11 U.S.C. § 544(b) and Mass. Gen. Laws ch. 109A, the Uniform Fraudulent Transfer Act ("UFTA") enacted in Massachusetts.   Those counts are: fraudulent transfer for actual fraud (Count I); fraudulent transfer for debts arising after transfer (Count II); and fraudulent transfer for debts arising prior to transfer (Count III).   Through the fourth count, the Trustee seeks a recovery from Patts pursuant to 11 U.S.C. § 550 as an initial transferee under the Transfer Deed (Count IV); and through the fifth count he seeks a recovery against the Debtor and Patts as immediate or mediate transferees by virtue of the Retransfer Deed (Count V).   The amended complaint contains no count seeking avoidance of the Retransfer Deed.   In paragraph 15 of the amended complaint, the Trustee alleges that the approximate value of the Property on the date of Transfer Deed was $250,000, an allegation admitted by Patts and the Debtor in their joint answer filed on December 20, 2011.

## IV. POSITIONS OF THE PARTIES

A. <u>Patts</u>

Patts asserts that summary judgment is warranted because, she contends, (1) there is no transfer to avoid and no value to recover pursuant to 11 U.S.C. § 550 because the Property was voluntarily retransferred prior to the petition date; and (2) the Property is subject to the valid homestead exemptions of both the Debtor and Patts and, thus, there can

be no recovery for the estate.

With respect to the first argument, the Debtor maintains that the reconveyance deprives the Trustee of a transfer to avoid, relying primarily on <u>Stornawaye Fin. Corp. v. Hill (In re Hill)</u>, 562 F.3d 29  (1st Cir. 2009), in which the court ruled that § 522(g) does not authorize a bankruptcy court to deny a debtor's homestead exemption with respect to property that had been fraudulently transferred and then voluntarily reconveyed prepetition through the efforts of a creditor.  Based on <u>Hill</u>, Patts asserts that a trustee cannot avoid a transfer that has already been undone and, therefore, cannot achieve a recovery under § 550, which applies to "the property transferred."  Additionally, Patts maintains that § 550(d)'s prohibition against a double recovery precludes the Trustee from avoiding a transfer of property which was already property of the Debtor's estate on the petition date, citing <u>McCord v. Agard (In re Bean)</u>, 252 F.3d 113 (2nd Cir. 2001)(if the trustee had already recovered the equity value of property from debtor transferor, trustee may not obtain value of property from transferee), and <u>Bakst v. Wetzel (In re Kingsley)</u>, 06-2109-BKC-PGH, 2007 WL 1491188 (Bankr. S.D. Fla. May 17, 2007), *aff'd,* <u>Kingsley v. Wetzel</u>, 518 F.3d 874 (11th Cir. 2008)(bankruptcy court did not abuse discretion in equitably adjusting recovery from initial transferee who committed actual fraud but later repaid funds to estate).  Patts contends that the result is the same under Massachusetts state law, relevant here because the Trustee has asserted a right to recover under Mass. Gen. Laws ch. 109A, citing <u>Northborough Nat'l Bank v. Risley</u>, 384 Mass. 348, 424 N.E. 2d 522 (1981), and <u>Richman v. Leiser</u>, 18 Mass. App. Ct. 308, 465 N.E.2d 796 (1984).

8

With respect to her second argument, Patts asserts that, even if there were a transfer to avoid, there can be no recovery for the estate because the Property is subject to the valid homestead exemptions of both the Debtor and Patts.  In support, Patts relies on Fed. R. Bankr. P. 4003(b)(1), under which the Trustee is now time-barred from challenging the Debtor's homestead exemption, as well as <u>Hill</u>, which Patts maintains prohibits a court from denying a debtor's homestead exemption on property that has been fraudulently transferred and then voluntarily retransferred prepetition.

B. <u>The Trustee</u>

The Trustee opposes summary judgment arguing that there are genuine issues of material fact to be tried.  Additionally, he maintains that Patts is not entitled to summary judgment as a matter of law because: (1) 11 U.S.C. § 522(g) is inapplicable where the Debtor voluntarily executed the Transfer Deed; and (2) the "Debtor cannot exempt the estate['s] interest arising from the Transfer Deed to Helen Patts."

In support of his assertion that there are material issues of fact in dispute, the Trustee maintains that Patts's "predilection for transferring her interest in the [Property] to insiders notwithstanding her spouse's debts and joint mortgages, creates a genuine issue of material fact: whether her motive for participating in the Transfer and Retransfer Deeds includes actual fraud."  In light of this purported factual dispute, the Trustee asserts that summary judgment is not appropriate under Fed. R. Civ. P. 56(a).

The Trustee's legal argument appears to be premised on the theory that the Debtor is unable to rely on 11 U.S.C. § 522(g) and, as a result, Patts concomitantly cannot rely upon

9

<u>Hill</u> which was decided in the context of § 522(g).  The Trustee argues:

> The homestead exemption asserted in the Motion [for Summary Judgment] fails to take into account the undisputed fact that when Debtor and Helen Patts transferred their joint interest in the [Property] through the Transfer Deed, title to the [Property] passed to Helen Patts. Section 551 preserves this contingent, equitable interest for the estate during and after Helen Patts held title. Further, Debtor cannot exempt property that arises from Helen Patts's ownership interest in the [Property]: sections 541 and 522(b), read in combination, do not permit Debtor to exempt real property he does not own. . . Unable to utilize § 522(g), the bulwark to Helen Patts's defense, the Motion [for Summary Judgment] crumbles.

> Helen Patts is not entitled to summary judgment on Count IV, which seeks recovery against Helen Patts as initial transferee, because the estate's interest in the [Property] arises from the Transfer Deed to Helen Patts, and Debtor cannot exempt that which he does not own.

> The Retransfer Deed, which transferred the Residence from Helen Patts back to herself and Debtor as tenants by the entirety, does not alter this result. Section 551 preserves the estate's interest created by the fraudulent Transfer Deed to Helen Patts, which Trustee may recover from immediate or mediate transferees pursuant to § 550. The estate's interest springs from Helen Patts, not the Debtor, and the Retransfer Deed merely relocated the estate's contingent, equitable interest. Again, § 522(g), the bulwark for Helen Patts's defense, proves ineffective; Helen Patts is not entitled to summary judgment on Count V because Debtor cannot exempt an interest he does not own.

The Trustee distinguishes this case from the Massachusetts cases relied upon by Patts because, he claims, she benefitted from the Transfer and Retransfer Deeds. According to the Trustee, Patts's participation in the Transfer Deed reflects her intention to protect the Property from the Debtor's creditors.  Likewise, the Retransfer Deed also benefitted her because "by placing the [Property] back in a tenancy by the entirety, [the retransfer] worked to protect her interest as a non-debtor spouse against efforts by Debtor's creditors to seize or execute on the [Property]."

## V. DISCUSSION

A. <u>Summary Judgment Standard</u>

The United States Court of Appeals for the First Circuit has stated:

It is apodictic that summary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). As to issues on which the movant, at trial, would be obliged to carry the burden of proof, he initially must proffer materials of evidentiary or quasi-evidentiary quality-say, affidavits or depositions-that support his position. When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant. This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record. . . .

<u>Desmond v. Varrasso (In re Varrasso</u>), 37 F.3d 760, 763 (1st Cir.1994))(citations omitted, footnote omitted).[6]  The Court finds that the facts alleged by the Trustee to be in dispute are not material to resolution of this matter on summary judgment and that Patts is entitled to summary judgment as a matter of law.

B. <u>Applicable Law</u>

Section 544 of the Bankruptcy Code provides that ". . . the trustee may avoid the transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim. . . ." 11 U.S.C. § 544(b)(1). "Applicable law" here

---

[6]  Fed. R. Civ. P. 56 was amended effective December 1, 2010. The summary judgment standard now appears in subsection (a) of Rule 56, rather than at subsection (c).  The amended rule, however, does not change the standard for summary judgment. *See* <u>Farmers Ins. Exch. v. RNK, Inc</u>., 632 F.3d 777, 782, n. 4 (1st Cir. 2011).

is state law, that is, the UFTA.  Section 550(a) of the Bankruptcy Code provides that to the extent a transfer is avoided, ". . . the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). Section 550(d), however, limits that recovery by providing that " . . . [t]he trustee is entitled to only a single satisfaction under subsection (a) of this section."  11 U.S.C. § 550(d).

Although the validity of the Debtor's claim of homestead in the Property is not at issue in this avoidance and recovery action,[7] Patts relies heavily on the decision of the United States Court of Appeals for the First Circuit in <u>Stornawaye Fin. Corp. v. Hill, (In re Hill)</u>, 562 F.3d 29  (1st Cir. 2009), in which that court ruled on the ability of a creditor to defeat a debtor's homestead exemption pursuant to 11 U.S.C. § 522(g).  Because § 522(g) is crucial to an understanding of <u>Hill</u>, the Court addresses the statute here, although, as discussed below, it has no direct application in this matter.  Section 522(g) provides, in relevant, part the following:

> (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that *the trustee recovers* under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

> (1)(A) such transfer was not a *voluntary transfer* of such property by the debtor; and

---

[7] The Trustee concedes in his Opposition that he did not file a timely objection to the Debtor's claim of homestead exemption.

12

(B) the debtor did not conceal such property ....

11 U.S.C. § 522(g)(emphasis added). Section 522(g) allows a debtor to exempt property that the trustee recovers, subject to certain limitations. Its purpose is "to allow an exemption 'where a property interest has been *involuntarily* taken from a debtor by means such as execution, repossession or certification of judgment, [because] it would be inequitable not to permit a debtor to assert an otherwise allowable exemption . . . . ' " Glass v. Hitt (In re Glass), 60 F.3d 565, 569 (9th Cir. 1995)(citations omitted)(emphasis in orginal). Section 522(g)(1)(A), however, does not allow the exemption of property recovered by the trustee if the transfer was a voluntary transfer by the debtor.

C. Analysis

Although the Trustee's argument is less than clear, the Court distills it as follows: Notwithstanding the retransfer, the estate should be able to avoid the Transfer Deed and recover from Patts the value of what the Debtor conveyed to her, and there can be no homestead protection of that interest for the Debtor because the interest the Trustee seeks is owned and held by Patts. Moreover, 11 U.S.C. § 522(g) precludes a debtor's claim of exemption in property recovered by a trustee which was voluntarily transferred by the debtor.  While Patts would maintain that the Retransfer Deed restored the Debtor's property interest to the estate and made it whole, the Trustee's position is presumably premised on the assumption that the retransfer actually diminished the estate because it permitted the Debtor to claim a homestead in the Property which the Trustee has no grounds to challenge.  In other words, had the retransfer not occurred, the Trustee could

13

have simply avoided the Transfer Deed and recovered the full value of the Debtor's interest in the Property without a claimed homestead exemption. The Court then is left to determine whether the Trustee can recover the value to the estate "lost" through the Debtor's declaration of homestead.  As discussed below, the Court finds that the Trustee cannot achieve that recovery for a number of reasons.

First, the Court finds that the amended complaint against Patts fails on a conceptual level as a back-door challenge to the Debtor's claim of homestead and an effort to deprive the Debtor's spouse of the value of that exemption which was validly claimed by the Debtor for the benefit of his family.  In <u>Hill</u>, 562 F.3d 29  (1st Cir. 2009), the First Circuit Court of Appeals upheld a debtor's ability to claim a homestead exemption in property that has been fraudulently transferred but voluntarily reconveyed prepetition. Although that case was determined in the context of a homestead objection under 11 U.S.C. § 522(g), it is factually similar to the instant case and is instructive here.   In that case, Mr. Hill had personally guaranteed a $250,000 bank loan made to a corporation.  Thereafter, Mr. and Mrs. Hill conveyed their residence to Mrs. Hill for $1.00.  Soon thereafter, the holder of the bank loan and guaranty, Stornawaye (the "creditor") , sued the Hills to collect the balance owed on the guaranteed indebtedness.  "The suit galvanized the Hills into corrective action.  Acting on advice of counsel, Mrs. Hill re-transferred the Property to their joint names as tenants by the entirety."  <u>Id</u>. at 31.  Mr. Hill then recorded a declaration of homestead on the property and, two months later, filed a Chapter 7 bankruptcy.  In the Bankruptcy Court, the creditor successfully objected to the debtor's homestead exemption,

14

contending that the debtor was barred from claiming homestead exemption due to the

original and fraudulent voluntary transfer under 11 U.S.C. § 522(g). On appeal, the creditor

urged the court to interpret the phrase "property the trustee recovers" in that statute to

include a pre-petition reconveyance of property effected through the efforts of a creditor.

The Court of Appeals, affirming the decision of the Bankruptcy Appellate Panel for the

First Circuit, which had reversed the Bankruptcy Court's ruling with respect to the

homestead exemption, declined a "passive" interpretation and construed section 522(g)

literally:

> In the first place, giving force to [the creditor's] word play would eviscerate
> the meaning of "recovers." To "recover" ordinarily means to "get or win
> back." Webster's Third New Int'l Dict. 1898 (1993). Here, however, there was
> nothing to "get . . . back"–no loss to recoup: by the time that the bankruptcy
> estate came into existence, the Property had been reconveyed. Because there
> was never a loss to the estate, there could be no recovery.

Id. at 33 (footnote omitted). Further, the Hill court found no clear evidence that § 522(g)

was intended by Congress to punish all dishonest debtors and that the second transfer--the

reconveyance was "curative, not fraudulent" and that the ensuing declaration of

homestead was, therefore, "unexceptionable." Id. at 35.

The above facts are analogous to the instant case. Much like the creditor in Hill, the

Trustee here seeks to subvert the Debtor's homestead which essentially divested the estate

of any benefit resulting from the retransfer, a consequence the Trustee is apparently

unwilling to accept in the absence of any grounds to object to the Debtor's homestead. Hill,

however, makes clear that a declaration of homestead following a fraudulent transfer and

a subsequent voluntary prepetition reconveyance is "unexceptionable" and that a reconveyance is curative of a prior fraudulent transfer. As the Debtor's prior conduct in executing the Transfer Deed did not affect his ability to claim a valid homestead in the Property, this Court will not confer viability on the Trustee's cause of action here to recoup the value of that exemption through an avoidance action commenced against the declarant's spouse.

Second, the Trustee's avoidance and recovery action against Patts fails for want of actual loss to the estate. The concepts of avoidance and recovery are distinct. A successful avoidance under § 544 will nullify a transfer, but it will not give a trustee control over the asset. Congress Credit Corp. v. AJC Int'l., 186 B.R. 555, 558 (D. P.R. 1995). As noted by the court in Santee v. Nw. Nat'l Bank (In re Mako, Inc.), 127 B.R. 471 (Bankr.E.D.Okl.1991):

> [Section] 550(a) is a secondary cause of action *after* a properly appointed representative has prevailed pursuant to the avoidance sections of the Code. Section 550(a) stands as a recovery statute only and not as a primary avoidance basis for an action, as it will only survive when coupled with the transfer avoidance sections of the Code.

Id. at 473(citation omitted)(emphasis added). Section 541(a)(1) of the Bankruptcy Code provides that, except as provided in Section 541(b) and (c)(2), a debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property *as of the commencement of the case*. . . ." 11 U.S.C. § 541(a)(1)(emphasis added). These sections of the Bankruptcy Code must be read in conjunction when assessing a trustee's avoidance and recovery action, the purpose of which is to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.

16

A collective reading of the statutes reveals the foundational defects in the Trustee's claims.  The asset the Trustee seeks to recapture, namely the interest in the Property the Debtor conveyed to Patts or its equivalent value, was part of the Debtor's bankruptcy estate on the date the estate was created, having been reconveyed to the Debtor through the Retransfer Deed.   *See* 11 U.S.C. § 541(a).  Notably, the Trustee does not allege in the amended complaint or anywhere else in the summary judgment record that the value of what the Debtor received in the retransfer was less than the value of what he conveyed out in the initial transfer.   Indeed, the Trustee alleged in the amended complaint that the Property had a value of approximately $250,000 on the date the parties executed the Transfer Deed and alleged no facts to support a decreased valuation on the date of the Retransfer Deed. Patts asserted the identical current value, $250,000, as of the date of her affidavit.  Based upon the averments in the amended complaint and the Patts affidavit, there was no economic loss to the estate following the transfers. Simply stated, the transfer the Trustee seeks to avoid has already been undone and the undiminished value of the transferred asset has been restored to the bankruptcy estate.  Accordingly, any "recovery" for the benefit of the estate has already been completed, albeit by the Debtor and Patts.  The Trustee's stated premise: "[t]he estate's interest springs from Helen Patts, not the Debtor. . ." is faulty.  The estate's interest "springs" from the legal and equitable interests of the Debtor in property owned by him as of the commencement of the case, which in this case included a 50% undivided interest in the Property.  *See* 11 U.S.C. § 541(a).   This result is not altered by the Debtor's valid homestead which prevents the estate from recovering any

17

value as a result of the transfers.  As stated above, a debtor's claim of homestead following

a reconveyance of a fraudulently transferred property is permissible in this Circuit, and this

Court, accordingly, will not characterize a validly claimed homestead as a "loss" to the

estate.

Moreover, in the absence of any demonstration of a loss to the estate sustained

through the Transfer and Retransfer Deeds, the Court finds that a recovery by the Trustee

under the facts of this case would constitute a windfall to the estate and a prohibited

double recovery under 11 U.S.C. § 550(d).  "While section 550(d) is typically implicated in

situations where a trustee seeks recovery from multiple parties, this provision has also been

used to 'prohibit a trustee from recovering under [s]ection 550(a) from a transferee that has

already returned to the estate that which was taken in violation of the Code.'"  Bakst v.

Wetzel (In re Kingsley), 06-12096-BKC-PGH, 2007 WL 1491188, *3  (Bankr. S.D. Fla. May

17, 2007), *aff'd*, 518 F.3d 874 (11th Cir. 2008)(quoting Dobin v. Presidential Fin. Corp. of

Delaware Valley (In re Cybridge Corp.), 312 B.R. 262, 271 (D.N.J.2004)).

The Hill court's literal interpretation of the word "recover," albeit in the context of

11 U.S.C. § 522(g), supports the above conclusion and also is consistent with Massachusetts

cases concerning fraudulent transfers where creditors suffer no actual harm from the

transfer. *See* Northborough Nat'l Bank v. Risley, 384 Mass. 348, 424 N.E. 2d 522 (1981).  In

that case, a transferee actively and knowingly participated in a conveyance made by a

transferor with an intent to place property out of reach of her husband's creditors.  The

defendant transferee, after selling the fraudulently conveyed property to a third party

18

buyer, delivered the net proceeds of the sale to the transferor and her husband and the transferee received no benefit from the transactions. The Massachusetts Supreme Judicial Court held that even though the transferee knew a transfer was made with actual fraudulent intent, the transferee's liability was absolved by the reconveyance to the transferor of proceeds from the sale. Id. at 351. See also Modin v. Hanron, 346 Mass. 629, 631-632, 195 N.E.2d 61 (1964)(where the fraudulently transferred property was returned by the transferee to the transferor before creditor's claim was reduced to judgment, the court found there was no harm to the creditor); and Richman v. Leiser, 18 Mass. App. Ct. 308, 312, 465 N.E.2d 796, 798 (1984)("A conveyance is not established as a fraudulent conveyance upon showing of a fraudulent intention alone; there must also be a resulting diminution in the assets of the debtor available to creditors."). See also McCord v. Agard (In re Bean), 252 F.3d 113 (2nd Cir. 2001)(trustee not entitled to recover from a transferee the fair market value of property that was the subject of an avoidable transfer, after trustee had already recovered the equity value of the property from debtor-transferor; rather, trustee is limited to recovery of debtor's equity in the property).[8]

---

[8] At the hearing held on February 22, 2012, the Court directed the parties to the decision of First Nat'l Bank of Boston v. Richmond (In re Gustie), 32 B.R. 466 (Bankr.D.Mass.1983), aff'd, 36 B.R. 473 (D. Mass.1984), and both parties submitted supplemental briefs. In Gustie, the Bankruptcy Court ruled that a reconveyance of property originally received by the trustee of an oral trust in a fraudulent conveyance back to the beneficiary of the trust was not a fraudulent transfer under Massachusetts law. The Court finds that the facts and holding of that case do not materially contribute to a resolution of this matter as Patts acknowledges in her posthearing brief that the original transfer did not create an oral trust. Additionally, the Trustee asserts that there is no oral trust in the record before the Court. Accordingly, the Court will not rely here on the analysis set forth in Gustie.

The Court finds unavailing the Trustee's attempt to distinguish this case from the above cases based upon the alleged benefit received by Patts from her participation in the Transfer and Retransfer Deeds. The Trustee offers a somewhat circular construct of the transactions to impose a benefit on Patts, claiming, on the one hand, that she benefitted by executing the Transfer Deed because it placed the Property beyond the reach of the Debtor's creditors and then claiming, on the other hand, that she also benefitted when she reconveyed the Property back to a tenancy by the entirety which "worked to protect her interest as a non-debtor spouse against efforts by the Debtor's creditors to seize or execute on the [Property.]" Under the Trustee's own reasoning, the result of the conveyances placed Patts in exactly the same position she was in beforehand, namely a tenant by the entirety. In the absence of any showing by the Trustee that the Retransfer Deed reconveyed an asset to the estate of lesser value than that which was conveyed out, the fundamental similarity between the cases relied upon by Patts and this case remains firmly lodged, namely that there was no loss to the creditors as a result of the transfers.  While the Trustee would seek to create a factual dispute concerning the intent of the couple when executing the Transfer Deed for the purpose of defeating the Motion for Summary Judgment, such facts are neither genuine nor material here because the end result of both transactions cannot be disputed, there was no net gain to Patts.

Likewise, the Court discounts the Trustee's emphasis on the unavailability of 11 U.S.C. § 522(g) to the Debtor for the apparent purpose of avoiding the application of <u>Hill</u> to the facts of this case.  Far from being the "bulwark" of Patts's defense, the Court finds

20

that the statute is not in play here because, for all of the above stated reasons, the Debtor

has no need to exempt property that is owned by Patts when her interest therein is not

subject to avoidance and recovery by the Trustee.  Accordingly, the Court gives no weight

to the Trustee's argument that <u>Hill</u> is inapplicable here because the Debtor voluntarily

executed the Transfer Deed.

The Court grants summary judgment in favor of Patts on Counts I through IV of the

amended complaint which relate to avoidance of the Transfer Deed (Counts I through III)

and recovery for the benefit of the estate of the value of the property transferred through

the Transfer Deed (Count IV) as there has been no demonstrable depletion to the estate and

there is consequently no property or value for the Trustee to recover. The Court also grants

summary judgment in favor of Patts on Count V, through which the Trustee seeks recovery

pursuant 11 U.S.C. § 550(a) of the property, or its value, Patts transferred through the

Retransfer Deed.  Summary judgment on this count is appropriate because the Debtor's

bankruptcy estate has already recovered the value of the Debtor's interest arising from that

transaction, albeit subject to his unchallenged homestead.  Moreover, in the absence of any

count in the amended complaint seeking to avoid the Retransfer Deed, it is dubious

whether a count under § 550(a) can stand alone. *See* <u>Santee v. Nw. Nat'l Bank (In re Mako,</u>

<u>Inc</u>.), 127 B.R. 471, 473 (Bankr.E.D.Okla.1991)(a cause of action under § 550(a) may be

brought only after a trustee prevails pursuant to the transfer avoidance sections of the

Code).  The Motion for Summary Judgment is allowed, and the Trustee's Opposition is

overruled. A separate order shall enter. In view of the foregoing, the Court will entertain

a motion to dismiss the amended complaint by the Debtor who remains a defendant in this

adversary proceeding.

By the Court,

Dated: May 4, 2012                    Joan N. Feeney
                                      United States Bankruptcy Judge